IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK K. PINKETT, JR., *
    Plaintiff
                                *

v.                                      CIVIL ACTION NO. AW-13-cv-2449
                                *

RANNAE OTT, *
    Defendants
                                 *************

## **MEMORANDUM**

       Plaintiff brings this self- represented action against Maryland Parole and Probation Agent Rennae Ott. ECF No. 1. Plaintiff appears to be indigent and his Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) shall be granted. Upon review of the Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

       Plaintiff states that on January 28, 2013, Rennae Ott filed a false statement of charges against him which caused him to receive a nine year sentence. He states that he will demonstrate through transcripts and documentation that Ott's testimony was false. ECF No. 1.

       Plaintiff's claims regarding false charging documents and testimony must be dismissed because Plaintiff was convicted based on all of the foregoing claims. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). In other words, a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into

question. *Id*. Plaintiff has failed to demonstrate that his conviction has been reversed, expunged or invalidated.[1]

Moreover, the defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Absolute immunity from suit for monetary damages has been extended to parole officials where, as here, they are performing tasks that are within their scope of authority and functionally comparable to those of judges. *See Walrath v. United States,* 35 F.3d 277, 281-82 (7th Cir. 1994); *Pope v. Chew*, 521 F.2d 400, 405 (4th Cir. 1975). Plaintiff alleges no circumstances to cause this Court to regard the actions of the parole official named here as outside the scope of her authority.

A separate Order shall be entered reflecting the ruling set forth herein.


September 12, 2013                                   /s/
                                         Alexander Williams, Jr.
                                         United States District Judge

---

[1] To the extent Plaintiff claims that there were constitutional deficiencies in his state court criminal proceedings, he is free to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254.